## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GERALD K. WILEY, Inmate #67754,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL NO. 06-834-JPG** |
| **SGT. RICK PYATT, SGT. NICK HILL,** | ) | |
| **OFFICER MARK SPURGEON, and** | ) | |
| **OFFICER JEFF HARTSOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a detainee in the Madison County Jail in Edwardsville, Illinois, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS

This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 3).

The Court finds that Plaintiff is indigent and unable to pay the full filing fee in advance; therefore,

leave to proceed *in forma pauperis* is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b), **IT IS**

**HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing** fee applicable to this civil action

as follows:

1.  Plaintiff has been without funds for six months and is currently without funds, and
    he appears to have no means currently with which to pay an initial partial filing fee.
    Accordingly, the Court will not assess an initial partial filing fee.  *See* 28 U.S.C.
    § 1915(b)(4).

2.  Plaintiff shall make monthly payments of 20% of the preceding month's income
    credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3.      The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Warden at Madison County Jail ***upon entry of this Order***.

### THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

Plaintiff states that on August 11, 2006, during the investigation of "an alleged horseplay

incident" at the jail, Defendants Spurgeon and Hartsoe pushed Plaintiff up against a wall in a violent

manner and cursed at him.  Plaintiff states, "I took off my shirt and assumed the fighting stance,"

at which point Spurgeon and Hartsoe rushed him, knocking him to the ground.  Spurgeon and

Hartsoe, along with Defendants Pyatt and Hill then stomped Plaintiff's head into the ground, kicked

him in the ribs, and punched him in the face causing two black eyes, continuously aching ribs, a

blurry left eye, and migraine headaches.  Plaintiff states that on his way to the drunk tank to "heal

up," Officer Jason Gilbert (not a defendant) sprayed pepper spray in his face and with two other

officers, punched him some more.  Plaintiff states that as of the date of the complaint (October 26,

2006), he had not yet been given medical attention for his injuries. Plaintiff includes with the

complaint a letter from the Illinois Department of Corrections Office of Jail and Detention Standards

regarding Plaintiff's complaints about the incident.  This letter indicates that Plaintiff received an

x-ray of his ribs and examination by an eye specialist.  Plaintiff states that he did not receive this

medical treatment.

The Court believes that with these facts, Plaintiff states two potential claims for relief:  first,

that Defendants used excessive force against him, and second, that he was denied medical treatment.

### *Excessive Force*

The intentional use of excessive force by prison guards against an inmate without

penological justification constitutes cruel and unusual punishment in violation of the Eighth

Amendment and is actionable under Section 1983.[1]  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);

---

[1]Although claims brought pursuant to section 1983, when involving detainees, arise
under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d
1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate
to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and
Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d

*DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on the factual allegations and these legal standards, Plaintiff's claims of excessive force against Defendants Spurgeon, Hartsoe, Pyatt, and Hill cannot be dismissed at this point in the litigation.

### Medical Treatment

To state a claim under section 1983 regarding denial of medical treatment, a pretrial detainee must establish that a defendant acted with deliberate indifference to his serious medical needs by showing that he suffered from an objectively serious injury and that the defendant in question acted with deliberate indifference thereto.  *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).  "[T]o establish deliberate indifference, the plaintiff must proffer evidence 'demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Id.* at 765,

---

469, 478 (7th Cir. 2005).

- 4 -

*quoting Payne v. Churchich*, 161 F.3d 1030, 1041 (7th Cir. 1998).

Plaintiff has stated facts which may describe deliberate indifference to his serious medical needs. However, the claim fails because Plaintiff has not named any individuals personally responsible for denying him medical treatment.[2] The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff has not named any defendants personally responsible for denying him medical treatment, he has failed to state a deliberate indifference claim. Accordingly, this claim is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### DISPOSITION

Plaintiff may proceed against Defendants Pyatt, Hill, Spurgeon, and Hartsoe on his excessive force claim; the deliberate indifference claim is **DISMISSED** without prejudice from the action.

---

[2]"[T]o be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for

*Defendants Pyatt, Hill, Spurgeon, and Hartsoe* within **THIRTY (30) DAYS** of the date of entry

of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **4** USM-285 forms with

Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made**

**on a defendant until Plaintiff submits a properly completed USM-285 form for that**

**defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Pyatt, Hill,*

*Spurgeon, and Hartsoe*.  The Clerk shall forward those forms, USM-285 forms submitted by the

Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on *Defendants Pyatt, Hill, Spurgeon, and Hartsoe* in the manner

specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist

of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of

the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Madison County Jail who no longer can be found at the

work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-

known address upon issuance of a court order which states that the information shall be used only

for purposes of effectuating service (or for proof of service, should a dispute arise) and any

documentation of the address shall be retained only by the Marshal.  Address information obtained

from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the

Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

The pending motion to appoint counsel (Doc. 4) is **REFERRED** to the United States Magistrate Judge for disposition.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated:  December 13, 2006**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**