UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD K. WILEY,

    Plaintiff,

v.

SGT. RICK PYATT, SGT. NICK HILL,
OFFICER MARK SPURGEON and
OFFICER JEFF HARTSOE,

    Defendants.

Case No. 06-cv-834-JPG

## MEMORANDUM AND ORDER

**I.**     **Show Cause Order**

This matter comes before the Court on the Court's order for plaintiff Gerald K. Wiley to show cause why the Court should not dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court rules (Doc. 24). Wiley has failed to keep the Court apprized of his current address as required by Local Rule 3.1. Wiley responded (Doc. 26) that he was unaware of the rule and wants to pursue his case and that he never received a copy of the defendants' summary judgment motion. The defendants have responded (Doc. 27) that they served Wiley with the summary judgment motion at his actual place of incarceration despite his failing to keep the Court apprized of that location.

The Court will excuse Wiley's failure to keep the Court apprized of his address this time. However, it **WARNS** Wiley that it will construe any future failure to keep the Court apprized of his current address as required by Local Rule 3.1 as an intent to abandon this litigation and will dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court rules. The order to show cause (Doc. 24) is **DISCHARGED**.

As for the pending summary judgment motion, whether Wiley received the summary

judgment motion is immaterial to the matters at hand since it is undisputed that – by his own fault – he did not receive the plainly worded notice of the consequences of failing to respond to a summary judgment motion that is required to be given to *pro se* litigants against whom summary judgment is sought. *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *see Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). To remedy this situation, the Court **DIRECTS** the Clerk of Court to send a copy of the defendants' summary judgment motion (Doc. 19), the Court's notice (Doc. 20) and Magistrate Judge Wilkerson's Report and Recommendation (Doc. 22) to Wiley at his address currently on file. The Court **ORDERS** that Wiley shall have up to and including June 12, 2009, to respond to the motion for summary judgment, which the Court will also consider to be an objection to the Report and Recommendation. The defendants may reply in accordance with Local Rule 7.1.

## II.     Motion for Appointment of Counsel (Doc. 25)

The Court also considers Wiley's motion for appointment of counsel (Doc. 25). Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing

so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Wiley has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Furthermore, this case is a run-of-the-mill excessive force case and does not involve complex legal or factual issues. Based on the quality of Wiley's prior filings and the relatively simple nature of this case, it appears to the Court that he is competent to litigate his claim himself. For these reasons, the Court **DENIES** his motion for appointment of counsel (Doc. 25).

**IT IS SO ORDERED.**
**DATED: May 13, 2009**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**